SAMUEL DUNNING, Plaintiff in Error, against JAMES P. POND, Defendant in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

Action upon promissory note executed by Dunning, and payable to order of W. L. Yates, assignee of Farwell & Co. Answer, that previous to the making and delivery of the note, Farwell & Co. made an assignment to Yates, for the benefit of their creditors. That Plaintiff was a member of said firm when the assignment was made. That previous to making the same, Plaintiff and said firm pretended and falsely claimed that Defendant was indebted to said firm in a sum equal to or exceeding the principal of said note. That at the making of said note, said Yates, assignee, and said Plaintiff, still falsely and fraudulently claimed and pretended that Defendant was indebted to said firm, and to said Yates by virtue of said assignment, and that in accordance with such false and fraudulent representations, the Defendant executed said note to said assignee, as collateral security for the payment of said precedent debt. But that no such debt did in fact exist, that he was not indebted to said firm, and that there was no consideration for the note. The reply impliedly admitted that statements were made to the Defendant that he was indebted to the firm, and that such indebtedness constituted the consideration of the note, but denied that such statements were false. *Held*, that the answer set forth a defence, and that the reply made an issue of fact.

SMITH & GILMAN, Counsel for Appellants.

J. B. BRISBIN, Counsel for Respondent.

*By the Court*—ATWATER, J. The Defendant in error brought suit in the Court below to recover $136.41, alleged to be due from the Defendant, upon a promissory note executed by the Defendant, and payable to the order of W. L. Yates, assignee of J. L. Farwell & Co. The answer admits the making and delivery of the note, but alleges that previous to the making and delivery thereof, the firm of J. L. Farwell & Co. made and executed an assignment of their property to W. L. Yates, (the payee of the note,) in trust for the benefit of their creditors. That the Plaintiff was a member and partner of the said firm of J. L. Farwell & Co. when said assignment was made and executed. That at and previous to the making of said assignment, the Plaintiff and said firm of J. L. Farwell & Co. pretended and falsely claimed that the Defendant was indebted to the said firm in a sum equal to or exceeding the principal of said note. That at the making and delivery of said note, the said Yates, assignee as aforesaid, and the Plaintiff, still falsely and fraudulently claimed and pretended that the Defendant was indebted to said Farwell & Co. and to said Yates, by virtue of said assignment, as before stated. That in accordance with such false and fraudulent represen-

tations, and on request of the Plaintiff and said Yates, the Defendant executed and delivered said note to Yates, in his capacity as assignee, as collateral security for the payment of said pretended precedent debt.

The answer then alleges that no such debt did in fact exist at the time of the making and delivery of the note, and that he was not indebted in any sum whatever to Farwell & Co., which fact the Plaintiff well knew, and that the note was given without any consideration whatever.

The Plaintiff replied, denying that Farwell & Co. or Yates ever made any false or fraudulent statements to Defendant in regard to the amount of the indebtedness of the Defendant to Farwell & Co., and denied that the indebtedness of the Defendant to said Farwell & Co., at the time of giving the note described in the complaint, was any less than stated in said note, and denies that the Plaintiff had notice of any fact by reason of which the indebtedness of the Defendant upon said note, otherwise to J. L. Farwell & Co., was any less than the amount of said note.

The cause was referred to S. M. Flint, Esq., and a motion was made before him by the Plaintiff for judgment upon the pleadings, which was granted. The Defendant brings the cause to this Court by writ of error.

We think the referee erred in giving judgment for the Plaintiff upon the pleadings. There is sufficient alleged in the answer to constitute a defence. If the note was in fact given for an alleged debt, as collateral security for the same, and no such debt existed, (the Plaintiff having notice thereof,) the Defendant should have been permitted to prove it. The Defendant claims that the allegations of the answer, that the note in suit was executed as collateral security for the claim alleged to be due said Farwell & Co., and that no such indebtedness in fact existed, is not denied by the reply, and that therefore the Defendant below would be entitled to judgment upon the pleadings. But the reply does deny any false and fraudulent statements in reference to the indebtedness, which constitute the gist of the defence. The reply impliedly admits that statements were made to the Defendant that he was indebted to Farwell & Co., and that

such indebtedness constituted the consideration of the note, but denies that such statements were false. If such statements were made, and were true, and the note was in fact given for such indebtedness, then the Defendant must fail in his defence. As the pleadings stand, an issue was made which should have been tried by the referee.

The judgment below is reversed, and a new trial ordered.